

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 10, 1972

Hon. George N. Rodriguez, Jr.
County Attorney
El Paso County
Room 201, City-County Building
El Paso, Texas 79901

Opinion No. M- 1124

Re: Constitutionality of Article
3912k, V.C.S., as a proper
delegation of legislative
authority to the grievance
committee to set salaries
of county officers.

Dear Mr. Rodriguez:

You have requested our opinion on the constitutionality
of Article 3912k, Vernon's Civil Statutes, which creates in each
county a salary grievance committee. Its Sec. 2(d) reads as
follows:

"Any elected county or precinct officer who
is aggrieved by the setting of his salary, ex-
penses, or other allowance by the commissioners
court may request a hearing before the committee.
The request shall be in writing, shall state the
manner in which he is aggrieved, and shall be
delivered to the chairman of the committee. The
chairman shall announce the time and place of the
hearing, which shall be within 30 days after re-
ceipt of the request. If, after a hearing, the
committee by a vote of six of its voting members
decides to recommend a change in the salary, ex-
penses, or other allowance of the person requesting
the hearing, it shall prepare its recommendation in
writing and deliver it to the commissioners court,
which shall consider the recommendation at its
next meeting. A written recommendation signed
by all nine members and delivered to the com-
missioners court becomes effective without the
action of the commissioners court on the first
day of the month following its delivery to the
commissioners court."

Article II, Section 1 of the Texas Constitution provides
for the separation of government into three departments--legislative,
executive and judicial--neither of which shall exercise any power

-5469-

properly attached to either of the others. Section 18 of Article V of the Texas Constitution provides for the creation of the Commissioners Court and further declares that the Court shall exercise such powers of jurisdiction over all county business as is conferred by this Constitution and the laws of the State or as may be thereafter prescribed. Section 44 of Article III of the Texas Constitution specifies that the Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors not provided for in this Constitution.

The validity of that portion of the adult probation and parole law authorizing the district judges to fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary to conduct investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of probation was considered in Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex.Civ.App. 1971, error ref. n.r.e., pending on motion for rehearing). In upholding the validity of the statute the court stated:

> "It is apparent that when Sec. 44 of Art. 3 of our Constitution specified that 'The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, * * *' the duty of providing for compensation by law--in this case, the compensation of probation personnel--rests solely with the Legislature; but it is also as apparent that there is no constitutional mandate that the specific amount, or the minimum or maximum limits, be enumerated in the law. That the fixing of the exact sum of compensation is a constitutional delegable right was established by our Supreme Court as early as 1911 in the case of Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519, and reiterated by both the majority and dissenting opinions in Dallas County v. Lively, 106 Tex. 364, 167 S.W. 219 (1914), and has not been modified since then. The principle that Sec. 44 does not prevent the Legislature from empowering other authority to determine salaries was followed in Burkhart v. Brazos River Harbor Nav. Dist. of Brazoria County, 42 S.W.2d 96 (Tex.Civ.App.--Galveston 1931, no writ) and in Wichita County v. Griffin, 284 S.W.2d 253

(Tex.Civ.App.--Fort Worth 1955, writ ref. n.r.e.). Since the probation needs and services in the various judicial districts of Texas, ranging from multi-judicial districts within a single county to one judicial district embracing as many as six counties, are of such character that the compensation and probation personnel must vary in the different districts, the Legislature wisely left the setting of the compensation and the number of personnel to the local authority. Dallas County v. Lively, supra."

It is our opinion that the above holding is equally applicable to the constitutionality of Article 3912k, Vernon's Civil Statutes. You are accordingly advised that the provisions of Article 3912k, Veron's Civil Statutes, are constitutional.

### S U M M A R Y

The provisions of Article 3912k, Vernon's Civil Statutes, creating a salary grievance committee in each county of the State are constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Campbell
Fisher Tyler
John Banks
Robert Lemens

Hon. George N. Rodriguez, Jr., page 4  (M-1124)


SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant